UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MATTHEW PITT,

                  Petitioner,

        -against-                            9:09-CV-0376 (LEK)

SUPERINTENDENT,

                  Respondent.

---

**APPEARANCES:**                              **OF COUNSEL:**

FOR THE PETITIONER:

MATTHEW PITT
Petitioner, *pro se*
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

FOR THE RESPONDENT:

HON. ANDREW M. CUOMO                 PAUL M. TARR, ESQ.
Attorney General                                Assistant Attorney General
New York State Attorney General
120 Broadway
New York, NY 10271

LAWRENCE E. KAHN
UNITED STATES DISTRICT JUDGE

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is a Petition for habeas corpus, Dkt. No. 1 ("Petition"), filed by Petitioner, *pro se* Matthew Pitt ("Petitioner" or "Pitt") on April 1, 2009. For the reasons that follow, the Petition is denied.

**I.     BACKGROUND**

The New York State Supreme Court, Appellate Division, Third Department noted in People v. Pitt, 43 A.D.3d 1248 (3d Dept. 2007), that Petitioner:

> was indicted on 610 counts charging various sexual crimes committed against three minor children between February 2000 and March 2003. Following lengthy plea negotiations, [Pitt] ultimately pleaded guilty [in Schoharie County Court] to the crimes of attempted rape in the first degree, rape in the second degree, attempted sexual abuse in the first degree (two counts) and endangering the welfare of a child (three counts). He waived his right to appeal. [Petitioner] was sentenced to, among other things, an aggregate term of imprisonment of 6 to 12 years ....

Id. at 1248. Pitt filed an appeal of the above convictions with the Appellate Division, and on September 27, 2007; that court unanimously affirmed his conviction. Id. at 1249. In its decision, the Appellate Division rejected Pitt's "sole contention on appeal . . . that his constitutional speedy trial rights were violated." Id. at 1248-49. Pitt sought leave to appeal that decision from New York's Court of Appeals, however that court denied such application in an order dated December 28, 2007. See People v. Pitt, 9 N.Y.3d 1008 (2007).

Petitioner commenced the present action in this District on April 1, 2009. See Dkt. No. 1. The first three grounds asserted in Petitioner's pleading argue that his guilty plea is invalid because he was coerced into waiving a speedy trial claim at the time he entered his guilty plea. Id., Grounds One through Three. He additionally alleges that the "cumulative effect" of errors that occurred in the criminal matter below entitles him to habeas relief, see id., Ground Four, and, finally, that he is "actually innocent" of the crimes to which he pleaded guilty. Id. at ¶ 13.

The Office of the Attorney General of the State of New York, acting on Respondent's behalf, filed an Answer (Dkt. No. 17) and Memorandum of law in opposition to Pitt's Petition (Dkt. No. 16). In opposing Pitt's application, Respondent asserts that all of Pitt's claims lack

merit. Id. Pitt has filed a traverse in further support of his habeas application. Dkt. No. 20.

**II.   STANDARD OF REVIEW**

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") significantly limited the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing the deferential standard that federal courts are required to apply under th AEDPA, the Second Circuit notes:

> a federal court may grant a writ of habeas corpus for a claim that has previously been adjudicated on the merits by a state court only if the adjudication of the claim:
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Jones v. West, 555 F.3d 90, 96 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(d)); see also DeBerry v. Portuondo, 403 F.3d 57, 66 (2d Cir. 2005); Miranda v. Bennett, 322 F.3d 171, 177-78 (2d Cir. 2003); Boyette v. LeFevre, 246 F.3d 76, 88 (2d Cir. 2001). The Second Circuit has provided guidance concerning the application of this standard, stating:

> [A] state court's decision is "contrary to" clearly established federal law if it contradicts Supreme Court precedent on the application of a legal rule, or addresses a set of facts "materially indistinguishable" from a Supreme Court decision but nevertheless comes to a different conclusion than the Court did. [Williams v. Taylor, 529 U.S. 362,] at 405-06 [(2000)]; Loliscio v. Goord, 263 F.3d 178, 184 (2d Cir. 2001). . . . [A] state court's decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" of the

case before it.  Williams, 529 U.S. at 413.

Thibodeau v. Portuondo, 486 F.3d 61, 65 (2d Cir. 2007); see also Williams v. Artuz, 237 F.3d 147, 152 (2d Cir. 2001) (citing Francis S. v. Stone, 221 F.3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether the state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." Williams, 529 U.S. at 409; see also Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001). "While the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones is somewhat unclear, it is well-established in this Circuit that the objectively unreasonable standard of § 2254(d)(1) means that petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Sorto v. Herbert, 497 F.3d 163, 169 (2d Cir. 2007) (internal quotation marks and alteration omitted).  That increment, however, "need not be great; otherwise habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Overton v. Newton, 295 F.3d 270, 277 (2d Cir. 2002) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Pitt's Habeas Petition

##### 1. *Propriety of Guilty Plea*

Petitioner asserts several theories in support of his claim that his guilty plea must be invalidated. Specifically, in his initial ground for relief, Petitioner contends that his guilty plea was coerced because as part of the plea agreement, he was required to execute a waiver of his right to a speedy trial. Petition, Ground One. Petitioner next argues that his right to equal protection of the laws was violated because he was coerced into waiving a speedy trial claim in

4

conjunction with his guilty plea in the criminal matter below. Id., Ground Two. He further contends that "plain error" occurred in the criminal matter below in conjunction with his guilty plea, which he again claims is invalid because he was wrongfully required to waive his speedy trial claim. Id., Ground Three.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)); see also Boykin v. Alabama, 395 U.S. 238, 242-43 (1969) (United States Constitution requires that guilty plea be knowingly and voluntarily entered); Parke v. Raley, 506 U.S. 20, 29 (1992) (plea is valid when it is both knowingly and voluntarily made).

This Court has reviewed the transcript of the proceeding wherein Pitt entered his guilty plea before Schoharie County Court Judge George R. Bartlett. See Tr. of Change of Plea (6/27/05) ("Plea Tr."). This review establishes that at such hearing, Pitt: a) was aware that, as part of the plea agreement, all pending pretrial motions were withdrawn; b) indicated that he was pleading guilty freely and voluntarily and that he had not been threatened or coerced into entering such plea; c) indicated he had talked with his attorney about the criminal charges brought against him, and Pitt understood the nature of those charges; d) had discussed, "at some length," his rights and possible defenses to the charges against him; e) was satisfied with the manner in which his counsel had represented him; f) was fully advised by Judge Bartlett of the rights Pitt would forfeit by entering a guilty plea;[1] and g) acknowledged that he was aware that under the terms of

---

[1] Significantly, during the course of the colloquy with Pitt, the trial court specifically noted, and Pitt acknowledged, that by pleading guilty, he was surrendering his right to assert any claim that "his right to a speedy trial" had been violated. See Plea Tr. at p. 12.

5

the plea agreement he was waiving his right to file any appeal.[2] Id. at 8-20. The County Court then described in detail the various charges to which Pitt was pleading guilty, as well as the range of imprisonment to which Pitt would be subject if the court accepted his guilty plea. Id. at 20-39. At the conclusion of the proceeding, the trial court, in accepting Pitt's guilty plea, declared that it was satisfied that Pitt understood:

> the nature of the charges against him, the nature of his plea, and the possible sentence. And that [he] had discussed his legal rights with his attorney, and underst[ood] he's waiving certain legal and constitutional rights by pleading guilty. [The court was] satisfied that no one ha[d] threatened [Pitt], that his plea is voluntary and of his own free will and [the court was] satisfied that [Pitt] has been made no promises with regard to sentencing, other than those promises specifically spread forth upon the record here in open Court. [The court was] also satisfied that [Pitt] is in fact guilty of the crimes to which he has pled guilty here today.

Id. at 39-40.

Nothing in the transcript of the proceeding or in the submissions filed with this Court, supports Petitioner's claim that he was coerced into waiving his right to a speedy trial when he entered his guilty plea. To the contrary, the transcript of the proceeding conclusively establishes that Petitioner's guilty plea was knowingly, voluntarily, and intelligently made. Therefore, the portions of his Petition which challenge the voluntary, knowing, or intelligent aspect of his guilty plea are denied as being without substance.

Next, the Court notes that it is well-settled in this Circuit that "[b]y pleading guilty to the state charge without raising the speedy trial claim, he effectively waived his right to raise the issue by collateral attack in a federal court." Bergin v. MacDougall, 432 F.2d 935, 935-36 (2d

---

[2] Pitt's counsel noted on the record that his client had signed three "duplicate originals" of his waiver of his right to file an appeal. See Plea Tr. at p. 19.

Cir. 1970) (citing McMann v. Richardson, 397 U.S. 759 (1970)); see also Mickens v. Brown, No. 05-CV-6117, 2009 WL 3756646, at *4 (E.D.N.Y. Nov. 4, 2009) ("[b]ecause a defendant's right to a speedy trial is nonjurisdictional, a knowing and voluntary guilty plea waives a speedy trial claim").

As noted above, during the plea colloquy, the County Court specifically advised Pitt that, by entering the guilty plea, he was waiving his right to thereafter assert any speedy trial claim. See Plea Tr. at p. 12. Additionally, in conjunction with his guilty plea, Pitt executed a written "Waiver of Speedy Trial Form." See Dkt. No. 15-1. At no time during the state court proceeding below did Pitt ever seek to preserve his right to pursue a speedy trial claim in the future. Nor did he state anything on the record that suggests, in any way, that he felt coerced or pressured into waiving such a claim, or that he was under the impression that he could subsequently raise a speedy trial claim notwithstanding his written waiver of that right. See Plea Tr. Additionally, the fact that such a waiver was required by the District Attorney in conjunction with the plea agreement in no way calls into question the propriety of either the waiver or the guilty plea. Thus, Petitioner necessarily waived any speedy trial claim that he may have possessed when he exercised his written waiver of that right and thereafter acknowledged that fact in his plea colloquy, which establishes that his guilty plea was knowingly, voluntarily and intelligently made. In light of the foregoing, Petitioner's first, second and third grounds for relief, all of which claim that his guilty plea is invalid because he was coerced into waiving his right to a speedy trial, are denied.

        2.     *Cumulative Effect of Errors*

In his fourth ground for relief, Petitioner claims that the "doctrine of cumulative effect of

error should be applied within this matter" due to "several matters of error that have resulted." Petition, Ground Four. This Court has already found that the claims raised by Petitioner in his first three grounds for relief are without substance, and that his valid guilty plea necessarily waived any speedy trial claim. Petitioner has not asserted any additional facts, allegations, or legal theories in conjunction with his fourth ground for relief which suggest – much less establish – that he is entitled to habeas intervention. Significantly, although he now claims that "several matters of error" occurred in the related criminal matter, see Petition, Ground Four; see also Supporting Mem. at 13, he has failed to cite any portion in the state court record upon which this broad claim is based. "The petitioner bears the burden of proving in his habeas petition that his constitutional rights were violated in the state court proceeding." Henry v. Philips, No. 9:03-CV-0353, 2007 WL 1746249, at *23 (N.D.N.Y. 2007) (citations omitted). Petitioner's failure to substantiate, discuss, or establish his claim that any alleged errors in the related criminal entitles him to habeas relief represents a failure on his part to shoulder his burden of proof as to this claim. See Gary v. Conway, No. 03-CV-0480, 2006 WL 3290149, at *15 (N.D.N.Y. Nov. 13, 2006) (Kahn, *J.*) (citation omitted); Banks v. New York State Dept. of Corr. Servs., No. 01 CIV. 3985, 2001 WL 1448612, at *2 (S.D.N.Y. Nov. 15, 2001) ("a petition may be dismissed if it contains only vague or conclusory allegations") (citation omitted). The Court therefore denies this ground as being without substance.

       *3.*    *Actual Innocence*

In his final ground for relief, Petitioner argues that he is actually innocent of the crimes to which he pleaded guilty. See Petition at ¶ 13; see also Supporting Mem. at 14. In his Supporting Memorandum, he contends that his actual innocence is established by the facts that his trial

counsel: i) failed to perform an adequate pretrial investigation; ii) did not "request and receive any scientific evidence in relation to the crime(s) charged;" and iii) failed to seek the suppression of the victim(s) statements." Supporting Mem. at 14.  He further contends that he is actually innocent because the prosecutor committed misconduct by failing to provide the defense with all Rosario[3] and Brady[4] materials to which Petitioner was entitled.  Supporting Mem. at p. 14.

  Assuming without deciding that these claims have been fully exhausted by Petitioner, the Court notes that although Petitioner argues that his attorney's pretrial preparation was inadequate, "[a] petitioner's 'bald assertion that counsel should have conducted a more thorough pretrial investigation fails to overcome the presumption that counsel acted reasonably.'" Campbell v. Greene, 440 F. Supp. 2d 125, 149 (N.D.N.Y. 2006) (quoting Atkinson v. United States, No. 05-CV-286, 2005 WL 3555946, at *7 (N.D.N.Y. Dec. 28, 2005); see Strickland v. Washington, 466 U.S. 688, 689 (1984).  Furthermore, the fact that the guilty plea resulted in a relatively favorable disposition in light of the criminal charges pending against Petitioner,[5] supports the conclusion that his attorney did, in fact, render effective assistance with respect to the pretrial preparation of his case.  E.g., Seifert v. Keane, 74 F. Supp. 2d 199, 206 (E.D.N.Y. 1999) ("[g]iven the favorable nature of petitioner's plea, the court cannot say that counsel's performance was deficient") (footnote and citations omitted), aff'd, Seifert v. Keane, 205 F.3d 1324 (2d Cir. 2000).  Additionally, Petitioner's claim his counsel failed to request "scientific

---

[3] People v. Rosario, 9 N.Y.2d 286 (1961).

[4] Brady v. Maryland, 373 U.S. 83 (1963).

[5] As noted, the indictment to which Pitt ultimately pleaded guilty contained over six hundred (600) counts against him.

9

evidence" relating to the crimes with which Petitioner was charged, appears to overlook the fact that on March 30, 2005, trial counsel served a comprehensive omnibus motion on the District Attorney, see Dkt. No. 15-2 ("Omnibus Motion"), and that prior to filing that Omnibus Motion, trial counsel served a request for a bill of particulars consisting of over thirteen hundred (1300) pages on the prosecutor.  Nothing in the record before the Court suggests that counsel wrongfully failed to include a request for "scientific evidence" in those comprehensive pretrial discovery requests.  To the contrary, the fact that the substantial pretrial discovery applications filed by defense counsel did not include requests for scientific evidence strongly suggests that such claimed evidence was not relevant to the criminal matter below.  In any event, Petitioner has failed to demonstrate that he was prejudiced, in any way, by counsel's alleged failure to seek such discovery.  Next, Petitioner has cited no authority for his novel claim that he was entitled to the suppression of the statements provided by the victims of his crimes.[6]  E.g., Supporting Mem. at 14.  Consequently, he has not demonstrated that it was objectively unreasonable for his counsel to fail to file such a request.  Turning to the final theory Petitioner offers in support of his actual innocence claim – prosecutorial misconduct – such claim is based upon Petitioner's contention that the District Attorney failed to provide the defense with Rosario and Brady materials.  Supporting Mem. at 14.  However, this claim overlooks the fact that, as noted above, at the proceeding in which Pitt entered his guilty plea, he specifically withdrew all pending and/or outstanding pretrial motions.  Plea Tr. at 8.  Because trial counsel had previously requested both Rosario and Brady materials from the District Attorney, see Omnibus Motion at

---

[6] Trial counsel did seek the suppression of Pitt's statements to law enforcement agents. See Omnibus Motion at p. 3, ¶ "O" & ¶¶ 56-57.

¶¶ 38-39, and the trial court had granted that application, see Decision of Judge Bartlett (4/29/05) at 10-11, it is patent that any such materials that were not provided to the defense was plainly attributable to Petitioner's decision to enter a guilty plea, rather than prosecutorial misconduct.[7]

In sum, all of the theories upon which Petitioner relies in support of his claim that he is actually innocent of the crimes to which he pleaded guilty are without substance. Additionally, nothing before this Court suggests that he is actually innocent of any of the crimes to which he pleaded guilty.[8] This Court therefore denies this final ground for relief.

### B. Certificate of Appealability

Finally, the Court notes that 28 U.S.C. § 2253(c) provides, in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court ....[9]

28 U.S.C. § 2253(c)(1)(A). A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Since petitioner has failed to make such a showing, the Court declines to issue a

---

[7] Pitt entered his guilty plea less than two months after Judge Bartlett directed the prosecutor to provide the defense with all Brady and Rosario materials to which he was entitled.

[8] It has been observed that an individual who pleads guilty can rarely, thereafter, establish that he is actually innocent of the charges to which he pleaded guilty. Atkinson, 2005 WL 3555946, at *6.

[9] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." See FED. R. APP. P. 22(b).

Certificate of Appealability in this matter.

**WHEREFORE**, after having reviewed the state court record, the documents submitted by the parties in conjunction with this action, the applicable law, and for the reasons discussed herein, it is hereby

**ORDERED**, that Pitt's Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Memorandum-Decision and Order upon the parties to this action, and it is further

**ORDERED**, that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Memorandum-Decision and Order filed by any party); and it is further.

**ORDERED**, that a Certificate of Appealability shall not be issued by this Court.

**IT IS SO ORDERED.**

Dated:  June 04, 2010
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge